UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUTHERLAND GLOBAL SERVICES INC.,

            Petitioner,             **PETITION TO CONFIRM ARBITRATION AWARD PURSUANT TO 9 U.S.C. § 9**

-and-                                                    Civil Case No. _____

ADAM TECHNOLOGIES INTERNATIONAL
S.A. de C.V.,

            Respondent.
_____

Petitioner, Sutherland Global Services Inc. ("Sutherland"), by its attorneys, Phillips Lytle LLP, petitions this Court to confirm an arbitration award, enter judgment on that award and grant such other relief as follows:

## PARTIES AND JURISDICTION

1.     Sutherland is a New York corporation with its principal offices at 1160 Pittsford Victor Road, Pittsford, New York 14534.

2.     Respondent, Adam Technologies International S.A. de C.V. ("Adam"), is a Mexican corporation doing business in the State of Texas with one of its principal offices at 8080 N. Central Expressway, Suite 1250, Dallas, Texas 75206.

3.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(2) in that Sutherland and Adam are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4. Venue is proper in this Court pursuant 9 U.S.C. § 9, in that the arbitration award that is the subject of this Petition was made in this District.

## BACKGROUND AND PETITION

**The Master Services Agreement**

5. Sutherland and Adam are parties to a Master Service Agreement effective as of March 26, 2009 (the "MSA"). A copy of the MSA is attached as **Exhibit A**.

6. Sutherland and Adam submitted and irrevocably consented to jurisdiction and venue in New York regarding all disputes under the MSA. See MSA §20.11.

7. The parties also agreed that they would resolve their disputes by arbitration conducted in accordance with the rules of the American Arbitration Association ("AAA") and that any such arbitration would be venued in the City of Rocheter, New York. See MSA §10.3. [1]

**Sutherland's Demand For Arbitration**

8. Under the MSA, Sutherland agreed to provide business outsourcing services to Adam and Adam agreed to pay for those services within thirty (30) days. See MSA §13.

9. Sutherland provided services to Adam during the period from April 13, 2009 until January 15, 2010. Adam accepted the services of Sutherland without objection but failed to pay Sutherland's invoices for those services.

---

[1] The MSA contains two sections numbered 10.3. Reference here is made to the Dispute Resolution and Arbitration Procedures section found on page 22 of the MSA.

10. Accordingly, Sutherland commenced an arbitration (the "Arbitration") with the AAA by filing its Demand for Arbitration dated March 30, 2010 (the "Demand"). A copy of the Demand is attached as **Exhibit B**.

11. The AAA received the Demand on April 7, 2010 and assigned the administration of the Arbitration to the International Center for Dispute Resolution ("ICDR"). [2]

12. Adam resisted the Arbitration and, accordingly, Sutherland served a notice of intention to arbitrate under New York CPLR 7503(c) (the "Notice").

13. Adam failed to take any action in response to Sutherland's Notice and, as a result, Adam is precluded from arguing that a valid agreement to arbitrate has not been made or has not been complied with. See New York CPLR 7503(c). Adam is also precluded from asserting the bar of limitations of time. Id.

**Adam's Collateral Litigation**

14. Rather than respond to Sutherland's Notice, Adam filed a petition in Texas state court on May 19, 2010 seeking to stay the Arbitration. Sutherland removed that action to the United States District Court for the Northern District of Texas and moved to dismiss Adam's petition.

15. Adam moved to remand the matter to state court and its motion was denied. After extensive briefing, the United States District Court for the Northern

---

[2] The ICDR is the international division of the AAA charged with the exclusive administration of all of the AAA's international matters.

District of Texas granted Sutherland's motion, dismissed Adam's petition, and determined that the parties' dispute was subject to arbitration as provided in the MSA.

16.     Contemporaneously, Adam commenced a separate action in Texas state court against the AAA seeking to enjoin the AAA from proceeding with the Arbitration.  That action was also removed to the United States District Court for the Northern District of Texas and was dismissed.

**The Parties' Mediation and Appointment of the Panel**

17.     After an unsuccessful mediation on December 21, 2010, Sutherland advised the AAA that the matter had not been resolved and that it wished to proceed with the Arbitration.  Accordingly, AAA initiated the arbitrator selection process.

18.     Specifically, under the MSA, the Arbitration would be submitted to a sole arbitrator if the parties mutually agreed upon a sole arbitrator.  See MSA §10.3(d).

19.     If the parties could not agree on a sole arbitrator, the MSA provides that each party shall appoint one arbitrator and the two appointed arbitrators would appoint a third.  Id.

20.     The parties did not agree on a sole arbitrator and, in accordance with MSA § 10.3(d) of the MSA, Sutherland appointed Hon L. Paul Kehoe to serve as a member of the Panel.

21.     Adam then appointed Philip Spellane, Esq., the mediator at the parties' December 21, 2010 mediation, to serve as a member of the Panel.

22. Sutherland objected to that appointment and, recognizing the inherent conflict in allowing the mediator to serve as a member of the Panel, the AAA disallowed Adam's appointment.

23. Adam then served a notice of intention to arbitrate the AAA's ruling on that issue, which forced Sutherland to file a proceeding in New York State Supreme Court, Monroe County, under New York CPLR 7503 in order to stay Adam's threatened arbitration.

24. Adam removed that proceeding to this Court and, on June 22, 2012, this Court issued a Decision and Order dismissing Sutherland's petition. See Case No. 6:11-cv-06425-MAT-JWF. [Docket No. 31].

25. Sutherland's petition was dismissed based upon this Court's finding that Adam abandoned any claim it might have had regarding the arbitrability of the ICDR's decision to disallow Adam's appointment of Mr. Spellane. Specifically, this Court held:

> [Adam] represents to the Court that it considers the response from the ICDR to its notice of intention to arbitrate as a final rejection to the notice, and a rejection of any arbitration which it sought to commence regarding the appointment of Spellane. The dispute regarding Spellane has been finally determined through the ICDR's response to the notice and the Texas district court's denial of a motion to appoint Spellane.

Id. Docket No. 31 at p. 5.

26. After the AAA disallowed Adam's appointment, Adam was instructed to appoint a replacement arbitrator on or before June 21, 2011. On June 20,

2011, Adam's counsel withdrew from representing Adam and requested an extension on Adam's behalf of its deadline to appoint a replacement arbitrator until July 5, 2011.

27.  The ICDR extended the deadline as requested but, as of July 20, 2011, Adam still had not appointed a replacement arbitrator.

28.  Based upon Adam's failure to appoint a replacement arbitrator, and pursuant to the ICDR rules, the ICDR appointed Hon. Richard D. Rosenbloom to serve as an arbitrator on the Panel.

29.  Justice Kehoe and Justice Rosenbloom then appointed James C. Moore, Esq. to serve as the third arbitrator and those three arbitrators comprised the Panel for the Arbitration (the "Panel").

**The Arbitration Proceedings and the Final Award**

30.  On November 23, 2011, the Panel held an initial scheduling conference and issued an order regarding the procedure for the Arbitration.

31.  Thereafter, on April 17, 2012, the Panel held a second scheduling conference and issued a second order.  In its second order, the hearing of the Arbitration was scheduled to begin on June 25, 2012 in Rochester, New York.

32.  In accordance with the Panel's second order, the hearing began on June 25, 2012 and continued on June 26, 2012.  The parties were represented by counsel and several witnesses testified.  A number of exhibits were also offered and received into evidence.

33.  The Arbitration proceedings were declared closed by the Panel and the ICDR as of July 24, 2012.  See **Exhibit C**.

34. On August 2, 2012, the Panel issued its Final Award (the "Final Award"). A copy of the ICDR's correspondence and enclosure transmitting the Final Award is attached as **Exhibit D**.

35. In the Final Award, the Panel held:

> (1) [Sutherland] is awarded the sum of $580,346.47 plus interest of $290,762.97 to July 11, 2012, making a total of $871,109.44 plus interest at the rate of $8,705.20 per month thereafter, against [Adam]; accordingly, within thirty (30) days from the transmittal of this Award to the parties, [Adam] shall pay to [Sutherland] the sum of $871,109.44, plus interest at the rate of $8,705.20 per month after July 11, 2012 in the event the amount of the award is not paid as provided in this Award.
>
> (2) [Sutherland's] application for an award of attorneys' fees is denied.
>
> (3) The administrative fees and expenses of the International Centre for Dispute Resolution totaling $9,100.00 and the compensation of the arbitrators totaling $29,380.00 shall be borne seventy-five percent (75%) by [Adam] and twenty-five percent (25%) by [Sutherland]. Therefore, [Adam] shall reimburse [Sutherland] the sum of $28,860.00 representing that portion of said fee and expenses in excess of the apportioned costs previously incurred by [Sutherland].

See Exhibit D p. 4-5.

36. The Panel also held that the Final Award is in full satisfaction and resolution of all claims submitted in the Arbitration. Id. p.5.

37. The Final Award is signed and acknowledged by each member of the Panel. Id. p. 5-6.

38. Adam has not paid the Final Award and, upon information and belief, does not intend to pay the Final Award.

39. Sutherland now petitions this Court to confirm the Final Award to Sutherland as a valid and final arbitration award pursuant to 9 U.S.C. § 9, and to enter judgment in favor of Sutherland and against Adam in the amount of $899,969.40 plus interest in the amount of $8,705.20 per month from July 11, 2012 until the judgment is paid, plus the costs and attorneys' fees of this proceeding.

WHEREFORE, Sutherland requests confirmation of the Final Award, entry of judgment on the Final Award and such other and further relief, including Sutherland's costs and attorneys' fees in this proceeding.

Dated:   Buffalo, New York
         August 16, 2012

                                        PHILLIPS LYTLE LLP


                                        By    /s/ Sean C. McPhee
                                              Edward S. Bloomberg, Esq.
                                              Sean C. McPhee, Esq.
                                        Attorneys for Petitioner
                                        *Sutherland Global Services Inc.*
                                        One HSBC Center
                                        Suite 3400
                                        Buffalo, New York 14203-2887
                                        Telephone No. (716) 847-8400

TO:   ADAM TECHNOLOGIES INTERNATIONAL
      S.A. de C.V.
      8080 N. Central Expressway
      Suite 1250
      Dallas, Texas  75206

- 2 -

cc: THE WOLFORD LAW FIRM LLP
Michael R. Wolford, Esq.
600 Reynolds Arcade Building
16 East Main Street
Rochester, New York  14616
Telephone No. (585) 325-8000

- and –

KELSOE, ANDERSON, KHOURY & CLARK
Stephen A. Khoury, Esq.
5220 Spring Valley Road, Suite 500
Dallas, Texas 75254

Attorneys for Respondent
*Adam Technologies International S.A. de C.V.*

ADAM TECHNOLOGIES INTERNATIONAL
S.A. de C.V.
Attn: Louis Jaramillio
Ejeracto Nacional 718
Colonia Polanco
Delegacion Miguel Hidalgo
CP 11560, Mexico, DF

Doc # 01-2596679.1