```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUTHERLAND GLOBAL SERVICES, INC.

                      Petitioner,
                                                  DECISION
                                                  and ORDER

                                                  12-CV-6439
              v.

ADAM TECHNOLOGIES INTERNATIONAL, SA DE C.V.

                      Respondent.
_____
```

INTRODUCTION

Petitioner Sutherland Global Services, Inc., ("Sutherland") brings this action to confirm an August 2, 2012 arbitration award (the "award") entered in its favor against defendant Adam Technologies International, SA DE C.V. ("Adam"). Specifically, plaintiff seeks to confirm an award of $871,109.44 plus interest of $8,705.20 per month that was awarded to Sutherland after an independent arbitration panel determined that Adam had breached a contract with Sutherland by failing to pay Sutherland for services rendered. Defendant opposes Sutherland's petition, and seeks to vacate the award on grounds that the arbitration panel was improperly constituted; the panel disregarded explicit contractual language in erroneously finding that the defendant breached the agreement; the panel failed to properly interpret and apply the limitation of damages clause contained in the parties' agreement; the panel improperly admitted evidence of settlement communications

in the arbitration hearing, and the panel improperly applied New 12cv6439York law in resolving the dispute

Before the court are the parties' opposing motions for summary judgment. Sutherland contends that there are no material issues of fact in dispute, and that as a matter of law, it is entitled to a judgment in its favor confirming the arbitration award. Sutherland additionally seeks sanctions against Adam on grounds that Adam has engaged in vexatious litigation for the purpose of delaying confirmation of the award. Adam agrees that there are no material issues of fact in dispute, but argues that it is entitled to vacatur of the award as a matter of law.

For the reasons set forth below, I grant plaintiff's motion for summary judgment, deny defendant's motion for summary judgment, and confirm the award of the independent arbitration panel in favor of Sutherland. Plaintiff's motion for sanctions is denied.

## BACKGROUND

Plaintiff Sutherland Global is a provider of business services to various companies. Among other services, Sutherland maintains and staffs customer service call centers for companies who wish to out-source or supplement their own call centers. Defendant Adam Technologies is, <u>inter</u> <u>alia</u>, a manufacturer and distributor of computer peripherals.

In March, 2009, the parties entered into a Master Service Agreement (the "Agreement" or "MSA"), pursuant to which Sutherland agreed to provide business services to Adam for a fee.

Specifically, Sutherland agreed to provide call center services for Adam's software business in Latin America. Sutherland contends that pursuant to the MSA, it provided these services to Adam from April 13, 2009 through January 15, 2010. Sutherland further contends that Adam failed to fully pay for the services it received, despite having received invoices from Sutherland for services rendered.

Under the terms of the MSA, the parties agreed to resolve any disputes by participating in binding arbitration to take place in Rochester, New York. On March 30, 2010, Sutherland filed a demand for Arbitration with the American Arbitration Association ("AAA"). Because the case involved parties from different countries, the AAA assigned the case to the International Center for Dispute Resolution ("ICDR"). Thereafter, pursuant to New York State law, Sutherland filed a notice of intent to arbitrate the dispute.

Rather than proceed with arbitration, Adam brought an action against Sutherland in the State of Texas seeking to stay the proceeding. Sutherland removed the action to federal court, and thereafter, the United States District Court for the Northern District of Texas dismissed Adam's complaint, holding that the parties' dispute was subject to binding arbitration as set forth in the MSA.[1] Adam also brought a separate action against the AAA in

---

[1] The District Court later amended its holding to clarify that it was for the arbitration panel to determine whether or not the dispute was governed by the MSA (and thus subject to arbitration) or was governed by a Letter of Intent (which did not

Texas state court attempting to enjoin the AAA from arbitrating the dispute. That action was also removed to the District Court for the Northern District of Texas, and the District Court dismissed Adam's complaint.

Prior to going to arbitration, the parties attempted to mediate the dispute before attorney Philip Spellane ("Spellane"). The meditation was unsuccessful, and the parties proceeded to arbitration. Because the parties could not agree on a single arbitrator to hear the pending arbitration, the arbitration was to proceed before three arbitrators. Pursuant to AAA rules and the MSA, each party was to select a single arbitrator, and the two selected arbitrators would then select a third arbitrator to complete a three-person arbitration panel. Plaintiff chose the Honorable L. Paul Kehoe to serve as an arbitrator, and the defendant attempted to appoint attorney Spellane as the second arbitrator. Sutherland objected to the appointment of Spellane on grounds that he had served as a mediator during the parties' past settlement negotiations, and was thus privy to confidential information presented during those negotiations. The AAA determined that because Spellane had conducted the previous settlement negotiations, he was precluded from participating as Adam's designated arbitrator.

---

include an agreement to arbitrate) entered into by the parties prior to signing the MSA.

Adam sought to arbitrate the AAA's determination that Spellane could not serve as an arbitrator, and in response, Sutherland filed an action in New York State Supreme Court to prevent Adam from doing so.  Adam removed the action to this court, and by Decision dated June 22, 2012, I held that Adam had abandoned any claim regarding the arbitrability of determination that Spellane could not serve as an arbitrator.  The AAA directed Adam to nominate an alternate arbitrator, and granted Adam several extensions of time to do so.  Adam, however, failed to appoint a replacement arbitrator, and as a result, the ICDR appointed the Hon. Richard D. Rosenbloom to serve as an arbitrator on the arbitration panel. Judges Kehoe and Rosenbloom then agreed to appoint attorney James C. Moore as the third arbitrator.

On June 25 and 26, 2012, the arbitration panel conducted a hearing on the parties' dispute.  On August 12, 2012, the panel issued a final award of $871,109.44 in favor of Sutherland, plus interest at a rate of $8,705.20 per month.  The Panel also held that Adam was to reimburse Sutherland $28,860.00 for attorney's fees.

On August 16, 2012, plaintiff filed the instant action to confirm the arbitration award of the ICDR. On December 21, 2012, I stayed this action pending the resolution of an appeal brought by Adam before the United States Court of Appeals for the Fifth Circuit. According to Adam, the issue in that appeal was "the validity and propriety of the [arbitration] panel and whether the

[arbitration] Award should be vacated . . . ." <u>See</u> December 20, 2012 Letter Request to Stay (docket item no. 17) at p. 1. By Decision and Order dated September 5, 2013, the Fifth Circuit Court of Appeals denied Adam's appeal, and held that the arbitration panel was properly composed, and refused to vacate the arbitration award.

Upon the resolution of the Appeal before the Fifth Circuit, this court directed Sutherland to file a motion seeking confirmation of the Arbitration Award, and directed Adam to file a motion to vacate the Arbitration Award. Pursuant to those motions, Sutherland moves to enforce the award on grounds that the parties agreed to binding arbitration, and the arbitration award was properly entered by the arbitration panel after conducting a fair and proper hearing. Adam contends that the award must be vacated because the arbitration panel was improperly constituted, the arbitrators exceeded their authority and the arbitration panel disregarded the express terms of the parties' agreement.

DISCUSSION

I. <u>The Parties' Motions for Summary Judgment</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom

summary judgment is sought. Tolan v. Cotton, ___, U.S., ___ 134 S. Ct. 1861, 1863 (2014) . If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott v. Harris, 550 U.S. 372, 380 (2007)(citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

    II.  Standard governing review of an Arbitration Award.

Pursuant to the Federal Arbitration Act, any party to an arbitration may apply to a federal district court in the district in which the arbitration was held for an Order confirming the arbitration award. 9 U.S.C. § 9. Upon application for confirmation of the award, the district court must confirm the award unless the award is vacated, modified, or corrected. Id. (emphasis added). See International Thunderbird Gaming Corp. v. United Mexican States, 473 F.Supp.2d 80 (D.D.C. 2007), affirmed 255 Fed.Appx. 531 (in the absence of a legal basis to vacate an arbitration award, the reviewing court has no discretion but to confirm the award.); Ottley v. Schwartzberg, (2d. Cir., 1987), 819 F.2d 373, 376 ("Absent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award as mandated by section 9 of the [FAA].)"

The grounds for vacating an award are prescribed by statute and are exceptionally narrow. Pasha v. Jansheski, 2014 WL 1694899 at *3 (S.D.N.Y. Apr. 28, 2014)("Section 10 of the FAA provides a

narrow set of circumstances under which the Court may vacate or correct an arbitration award."); <u>Amalgamated Meat Cutters v. Cross Brothers Meat Packers, Inc.</u>, 518 F.2d 1113, 1121 (3d Cir.1975)(scope of review of arbitrator's decision is "narrow in the extreme.") An award may be vacated only where: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption on the part of an arbitrator; (3) the arbitrators were guilty of misconduct in refusing to postpone a hearing, refusing to hear pertinent and material evidence, or engaging in any other misbehavior that prejudiced any party; or (4) the arbitrators exceeded their powers, or so imperfectly executed their powers that a mutual, final, and definite award was not rendered. 9 U.S.C. § 10. A court may modify or correct an award only where there is an evident material miscalculation of figures or mistake in the description of a person or property, where the arbitrators have made an award on a matter not submitted to them, or where the award is otherwise imperfect in a manner not affecting the merits of the controversy. 9 U.S.C. § 11.

"When reviewing an arbitral award, courts accord 'an extraordinary level of deference' to the underlying award itself . . . ." <u>Stark v. Sandberg, Phoenix & von Gontard, P.C.</u>, 381 F.3d 793, 798 (8th Cir. 2004) (citation omitted). "When a party seeks to vacate an arbitration award under Section 10(a)(4), the inquiry looks only to whether the arbitrator had the power, based on the

parties' submissions or the arbitration agreement, to reach a certain issue, and does not consider whether the arbitrator decided the issue correctly." Thule AB v. Advanced Accessory Holding Corp., No. 09 Civ. 91, 2009 WL 928307, at *3 (S.D.N.Y. Apr. 2, 2009). Indeed, the court may not substitute its judgment for that of the arbitrator's, nor may a court overturn an arbitration award even where there is evidence that the arbitrator misapplied the law or misunderstood facts. Farkas v. Receivable Financing Corp., (E.D.Va. 1992), 806 F.Supp. 84, 87 (neither misinterpretation of contract nor commission of legal error can constitute grounds for vacating arbitration award); Ainsworth v. Skurnick, 960 F.2d 939, 940 (11th Cir. 1992)("Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation, and the express terms of 9 U.S.C. §§ 10 and 11 have often been deemed the exclusive grounds for vacation or modification.") . I apply these rules of review to my analysis of the plaintiff's motion to confirm the arbitration award, and the defendant's motion to vacate the award.

> III. There is no basis for vacating or modifying the Arbitration Award, and therefore, the Arbitration Award is Confirmed.

As stated above, unless there is a valid reason to vacate or modify an arbitration award, the award must be confirmed absent. Accordingly, any party seeking to avoid confirmation of the award bears the burden of proof to establish that there is reason to vacate the award. Companion Prop. & Cas. Ins. Co. v. Allied

Provident Ins., Inc., 13-CV-7865, 2014 WL 4804466 (S.D.N.Y. Sept. 26, 2014) (party moving to vacate arbitration award bears the burden of proof to establish that award should not be confirmed).

In the instant case, Adam contends that the arbitration panel's award should be vacated because the panel: manifestly disregarded the terms of the parties Agreement, manifestly disregarded applicable law, failed to rule on a material, dispositive issue, and improperly admitted evidence. Adam further alleges that the award should be vacated because the arbitration panel was improperly constituted. For the reasons that follow, I find defendant's arguments to be without merit.

    A.    There is no evidence that the Arbitration Panel Manifestly Disregarded the Terms of the MSA.

Adam contends that the panel exceeded its powers by disregarding explicit provisions of the MSA which required Adam and Sutherland to execute a Statement of Work ("SOW") before Sutherland could be paid for services rendered to Adam. Adam contends that because Adam and Sutherland never executed the SOW, Adam is not required to pay for the services it received. According to Adam, the panel exceeded its authority because it completely ignored the provision of the MSA which required that an SOW be executed prior to Sutherland receiving payment. Adam argues that the panel exceeded its authority by substituting its own interpretation of the MSA and not applying the plain language of the agreement to the dispute.

When construing a contract, an arbitrator will be deemed to have exceed his or her authority where the arbitrator "strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice . . . ." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010). However, if the arbitrator offers even a modicum of reasoning in support of his or her decision, the award is to be upheld, even if the arbitrator misread the contract. United Paperworkers Int'l. Union, AFL-CIO v Misco Inc., 484 U.S. 29, 38 (1987). Indeed, "as long as the arbitrator offers a barely colorable justification for the outcome reached," the award will be upheld. ReliaStar Life Ins. Co. v. EMC Nat. Life Co., 564 F.3d 81, 86 (2d Cir. 2009).

In this case, the arbitration panel sufficiently explained its reasoning for holding that Sutherland was entitled to payment for the services it provided despite the fact that the parties had not signed a statement of work. The arbitration panel noted that the parties had negotiated the terms of the SOW's, and had prepared SOW forms, but that Adam simply never signed the SOW's. Arbitration Award at ¶ 9. The panel further noted that Adam: never objected to the lack of signed SOW's; received and approved several invoices; made payments towards the invoices; acknowledged that the invoices were valid, and, through its CEO, testified during the hearing that it intended to pay the invoices. Arbitration award at ¶ ¶ 10, 4, 8, and 7. By fully explaining its rational for determining why

Sutherland was entitled to payments from Adam, and by relying on a rational, valid reason for reaching that result, the arbitration panel appropriately executed its duty to resolve the dispute presented to them by the parties to the arbitration.  Accordingly, I find that the arbitration award must be upheld.

Adam also contends that the panel improperly determined that Sutherland could charge Adam for certain items that, according to Adam, were supposed to be provided at Sutherland's cost.  As this claim merely contends that the panel misinterpreted the MSA, this court may not review that determination, and the decision of the arbitration panel stands.

> B.  There is no evidence that the Arbitration Panel <u>Manifestly Disregarded the Applicable Law</u>.

Adam contends that the panel disregarded New York law when it held that Adam was estopped from arguing that Sutherland's contract claims were unenforceable.  Adam claims that the panel misunderstood or misapplied New York law on the issue of waiver and estoppel, and that had the panel properly construed New York law on the issue, it would have determined that Adam did not waive the requirement that the parties execute an SOW prior to Sutherland being paid for its services.

As stated above, however, legal error committed by an arbitrator does not serve as a basis for vacating an arbitration award.  <u>British Ins. Co. of Cayman v. Water St. Ins. Co.</u>, 93 F.Supp.2d 506, 514 (S.D.N.Y.2000)("Arbitration awards are not

reviewed for errors made in law or fact."). To establish manifest disregard of the law, a party seeking to vacate an award must demonstrate that the arbitrator ignored or failed to apply well established law governing the issue that the arbitrator was aware of. Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998)(party seeking vacatur must establish that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit and clearly applicable to the case).

Here, there has been no showing that the arbitration panel misapplied the law of estoppel, that the law of estoppel is a clearly defined and explicit body of law applicable to the instant dispute, or that the arbitrators ignored or refused to apply the law properly. See e.g. White v. Frize, 827 N.Y.S.2d 302, 304 (3rd Dept., 2006)("[C]ollateral estoppel is a flexible, equitable doctrine that requires a case-by-case analysis of the facts and realities of a particular litigation, and should not be rigidly or mechanically applied.")  Accordingly, I deny defendant's motion to vacate based on the panel's alleged failure to properly apply New York law on the issue of collateral estoppel.

    C.   <u>The Arbitration Panel Fully Decided All Material Issues</u>

Adam contends that the arbitration panel failed to address its contention that the MSA explicitly limited the amount of damages that could be recovered by Sutherland. Adam alleges that the panel completely ignored its arguments, and misapplied the MSA by

awarding amounts in excess of the alleged limitations of damages.

Adam's contention is devoid of merit. It is undisputed that Adam filed a motion for summary judgment before the arbitration panel, and raised the limitation-of-damages claim in that motion. It is further undisputed that during the arbitration hearing, the panel denied Adam's motion. Accordingly, it is clear from the record that the panel did in fact rule on Adam's claim. Having ruled on the motion, the panel was not required to reiterate its ruling on that issue in making its final award.

> D. The Arbitration Panel Properly Considered the Relevant Evidence.

Adam contends that the arbitration panel improperly admitted into evidence a statement made by one of its agents acknowledging that Adam owed the payments Sutherland sought. According to Adam, that statement was made during confidential settlement negotiations, and therefore, the statement should not have been admitted under the terms of the MSA, which provides in relevant part that "Confidential information" disclosed by any party shall be "inadmissible in any subsequent proceeding[]." See MSA at § 10.3(h). Sutherland contends that the statement was admissible as an admission under New York law, and was also admissible under the rules of the ICDR, which provide that the arbitration panel may consider any evidence it deems appropriate, and that the panel is empowered to determine the admissibility of any document.

Here, the panel determined that the statement was relevant and admissible. In doing so, they were acting under the authority granted to them by the parties when the parties agreed to binding arbitration, and the authority granted under the rules of the AAA. The MSA which was agreed to by the parties provided that the AAA's rules would apply to any arbitration between the parties. Because the parties are from different countries, the AAA submitted the dispute to the ICDR, which provides that the arbitration panel is empowered to determine the admissibility, relevance, and weight of any evidence offered by a party to the arbitration. The arbitration panel in this case properly exercised its authority to consider the admissibility of the statement, and determined that it was admissible. The fact that Adam disagrees with this determination, or believes that the panel disregarded or misinterpreted the MSA in admitting the evidence is an insufficient basis for vacating the panel's award. Sea Shipping Inc. v. Half Moon Shipping, LLC, 848 F. Supp. 2d 448, 459 (S.D.N.Y. 2012) (citing Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 548 F.3d 85, 91 (2d Cir.2008), rev'd on other grounds, 559 U.S. 662 (2010) ("Disregard of facts or evidence is not a basis for vacatur.").

 E. Adam's claim that the Arbitration Panel was Improperly Constituted is barred by Res Judicata and Collateral Estoppel.

Adam claims that the Arbitration Panel was improperly constituted because the arbitrator it chose was not allowed to sit on the panel, and it was prevented from selecting an arbitrator

because the two sitting arbitrators appointed the third arbitrator. This claim, however, was raised and rejected before the District Court for the Northern District of Texas, and the United States Court of Appeals for the Fifth Circuit, and therefore the claim is barred by res judicata and collateral estoppel.[2] Both courts flatly rejected Adam's contention, and determined that the arbitration panel was properly composed. Having lost on this precise issue, Adam may not now attempt to obtain an inconsistent result from a different court. Indeed, when Adam requested a stay of the instant proceedings, it argued that a stay was required to prevent "inconsistent or even contradictory decisions between this Court and the Fifth Circuit." December 20, 2012 Letter Request to Stay (docket item no. 17) at 2. This court will not revisit an issue that was completely and finally decided by the Fifth Circuit Court of Appeals.

IV. Sanctions

Plaintiff seeks an award of fees and costs against the defendant on grounds that Adam has needlessly delayed the

---

[2]The doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citations omitted). The doctrine of collateral estoppel provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Restatement (Second) of Judgments § 27 (1980); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979).

resolution of this matter by raising specious claims and filing vexatious actions solely for the purpose of delaying an award against it. It claims that the arguments made by Adam in this case, and in the Texas action, are, on their face, without merit. Plaintiffs seek an award of fees for having to defend against what it considers to be baseless arguments.

I find that sanctions are not warranted in the instant matter. While it does appear that Adam has attempted to draw out the proceedings by filing numerous actions and appeals, it cannot be said that the actions are entirely devoid of any merit. Because there is some basis for most of the arguments Adam has raised, I deny plaintiff's motion for sanctions.

## CONCLUSION

For the reasons set forth above, I grant plaintiff's petition to confirm the Arbitration Award, deny defendant's motion to vacate the Award, and deny plaintiff's motion for sanctions.

**SO ORDERED.**

        S/ MICHAEL A. TELESCA
        HON. MICHAEL A. TELESCA
        United States District Judge

Dated:    Rochester, New York
           October 29, 2014