```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

SUTHERLAND GLOBAL SERVICES, INC.,

                Plaintiff,

    -vs-                                **12-CV-06439**

                                       **DECISION AND ORDER**

ADAM TECHNOLOGIES INTERNATIONAL,
SA DE C.V.

                Defendant.
_____

## **INTRODUCTION**

On October 29, 2014, this Court granted the petition of plaintiff Sutherland Global Services, Inc. ("plaintiff") seeking confirmation of an arbitration award issued in its favor against defendant Adam Technologies International ("defendant") (Docket No. 50). A civil judgment confirming the arbitration award was filed on October 30, 2014 (Docket No. 51). On November 26, 2014, defendant filed a motion for reconsideration of the Court's October 29, 2014 decision and order and the October 30, 2014 judgment (Docket No. 52). The Court denied defendant's motion for reconsideration on March 6, 2015. On April 6, 2015, defendant filed a timely Notice of Appeal to the United States Court of Appeals for the Second Circuit appealing from each and every part of the Court's October 29, 2014 decision and order, the October 30, 2014 grant of judgment, and its March 6, 2015 decision and order. On February 9, 2016, the Second Circuit affirmed this Court's decision and order confirming the arbitration award.

**<u>DISCUSSION</u>**

Presently before the Court is plaintiff's Motion to Reconsider the Court's December 15, 2015 decision and order denying plaintiff's motion to compel responses to post-judgment discovery demands. The Court grants plaintiff's motion for reconsideration of its order denying plaintiff's motion to compel and reconsiders this motion in light of the Second Circuit's affirmance and because defendant has raised no objections. Upon reconsideration, the Court grants plaintiff's motion to compel responses to its post-judgment discovery demands for the following reasons.

In opposition to plaintiff's motion to compel, defendant asserts that service of process upon its appellate attorney, Joseph B. Koczko, Esq. of Thompson Hine LLP, was ineffective because said counsel was retained in April 2015 solely for the "purpose of perfecting the appellate rights of [defendant]." Declaration of Joseph B. Koczko, Esq. ¶ 3. In his declaration, Mr. Koczko affirms that he received plaintiff's post-judgment discovery demands on October 1, 2015 and forwarded them to defendant on the same day. Consequently, it is undisputed that defendant had notice of plaintiff's discovery demands. Mr. Koczko further affirms that Thompson Hine requested an extension of time for defendant to respond to the discovery demands.

Rule 69 of the Federal Rules of Civil Procedure provides that, in aid of the judgment or execution, a judgment creditor may obtain discovery from the judgment debtor as provided in the federal rules

or by the procedure of the state where the court is located. *See* Fed. R. Civ. P. 69(a)(2). Where, as here, the state rules do not specify the method of service in supplementary proceedings, the federal rules, which provide for the service of discovery demands upon a party's attorney, govern. *See Cerami v. Robinson*, 85 F.R.D. 371, 372-73 (S.D.N.Y. 1980); Fed. R. Civ. P. 5(a)(1). Here, it is undisputed that Mr. Koczko and Richard DePalma, Esq., also of Thompson Hine firm, filed notices of appearance with this Court in this matter (as captioned above) declaring themselves to be the attorneys of record for defendant. In an effort to support its claim of improper service, defendant erroneously relies on *Santos v. State Farm Fire & Cas. Co.* (902 F.2d 1092, 1094 [2d Cir. 1990]), which held that service of the *summons and complaint* upon attorneys indisputably unauthorized to accept service of process for commencement of the action against their client was ineffective under Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e).

Because Mr. Koczko was the attorney of record for defendant at the time the post-judgment discovery demand was served on him, such service was proper and effective. As stated above, rule 69(a)(2) entitles plaintiff to obtain discovery from defendant. Moreover, plaintiff is entitled to move for an order compelling a response to discovery demands, as permitted under Rules 5(b), 30(a), and 37, after a good faith attempt to confer with the party failing to comply. *See* Fed. R. Civ. P. 37(a)(1). The Court therefore finds

that, based on the circumstances presented here, plaintiff's motion to compel defendant to respond to its discovery demands is granted.

## **CONCLUSION**

For the reasons set forth above, defendant's motions for reconsideration (Docket No. 68) and to compel responses to post-judgment discovery demands (Docket No. 67) are granted.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 21, 2016
         Rochester, New York.